EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Juan A. Marqués Latorre | 2012 TSPR 155<br><br>186 DPR ____ |
| --- | --- |

Número del Caso: TS-4451

Fecha: 22 de octubre de 2012

Abogado de la Parte Peticionaria:

      Lcdo. Demetrio Fernández

Materia: Reinstalación al Ejercicio de la Abogacía

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan A. Marqués Latorre

TS-4451

RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de octubre de 2012.

El 15 de agosto de 2012 desaforamos indefinidamente de la profesión legal al Sr. Juan A. Marqués Latorre. In re Marqués Latorre, Op. de 15 de agosto de 2012, 2012 T.S.P.R. 145, 2012 J.T.S. 158, 186 D.P.R. ___ (2012). En esencia, el motivo de nuestro proceder fue el incumplimiento del señor Marqués Latorre en mantener actualizada su información de contacto en nuestro Registro Único de Abogadas y Abogados de Puerto Rico. Además, fundamentamos nuestro dictamen en que el señor Marqués Latorre no contestó nuestros requerimientos relacionados a la queja AB-2011-0166.

Así las cosas, el 17 de octubre de 2012 el señor Marqués Latorre presentó una "Moción urgente solicitando reconsideración". En ella, sostuvo que nunca ha recibido ni tenido conocimiento de notificación o resolución de este Foro. Por el contrario, el señor Marqués Latorre presentó evidencia de que contestó la querella AB-2011-0166 ante la Oficina del Procurador General. Del expediente del caso surge que el 13 de julio de 2011 la Secretaría de este Tribunal refirió la queja ante

el Procurador General. No obstante, el 21 de septiembre de 2011 la Secretaría de este Foro desistió del referido.

Durante el trámite ante el Procurador General, el señor Marqués Latorre recibía todas las notificaciones en la dirección postal personal que se encuentra en nuestro Registro de Abogadas y Abogados. Asimismo, del formulario de la queja AB-2011-0166 que cumplimentó el quejoso Enrique Trigo Tió surge la misma dirección. Incluso, el señor Marqués Latorre presentó como exhibit 4 una carta de 25 de noviembre de 2009, firmada por nuestra Secretaria, informándole su número de RUA. Esa carta también se envió a la dirección postal personal. Sin embargo, al momento de diligenciar las notificaciones de este Foro, nunca se utilizó esa dirección. Por el contrario, se usaron las direcciones de la oficina física y postal, y la residencial física.

Sin duda alguna, el trámite de este caso ha sido muy confuso. La queja se refirió inicialmente al Procurador General y allí el señor Marqués Latorre la contestó el 30 de agosto de 2011. De esa forma, no se trata de una actuación contumaz de su parte para evadir nuestros requerimientos.

Por otro lado, en In re Rs. Proc. Civil y R. T. Supremo, 179 D.P.R. 174, 175 (2010), concedimos término a los abogados para que actualizaran todas sus direcciones en el Registro de Abogadas y Abogados e hicimos claro que "todas las Secretarías de los tribunales utilizarán, para notificar a los abogados y a las abogadas, la dirección identificada en RUA como 'Dirección para Notificaciones'. Esta dirección se utilizará en todos los casos pendientes, *independientemente* de la dirección que se haya consignado en el expediente". (Énfasis en el original.) También advertimos a los abogados que el incumplimiento con lo ordenado podría conllevar la imposición de sanciones, incluso sanciones disciplinarias. Íd., pág. 176.

Posteriormente, cuando aprobamos nuestro nuevo Reglamento en el 2011, establecimos diáfanamente en su Regla 9 (j), 4 L.P.R.A. Ap. XXI-B:

> El Secretario o la Secretaria tendrá a su cargo el Registro Único de Abogados y Abogadas de Puerto Rico con el nombre y apellidos de todos los abogados autorizados y todas las abogadas autorizadas a postular ante los tribunales y a ejercer la notaría, las fechas en que fueron admitidos y admitidas al ejercicio de su profesión, su número ante el Tribunal Supremo, los números de teléfono de su oficina y los personales, el número de fax, su dirección postal personal y de oficina, dirección física de oficina y residencia, localización de la

oficina notarial (si la tiene), la dirección seleccionada por el abogado o la abogada para recibir las notificaciones y su dirección electrónica. Todo abogado, toda abogada, notarios y notarias tendrán la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único.

Es un hecho irrefutable que algunas de las direcciones que el señor Marqués Latorre proveyó en el Registro de Abogadas y Abogados no están actualizadas. También es un hecho irrebatible que la dirección que el abogado notificó como aquella donde debía notificársele toda comunicación oficial era su dirección postal en el estado de Florida. Fue allí donde se le notificaron nuestras resoluciones que fueron devueltas.

En este caso no se notificó al señor Marqués Latorre a la dirección postal personal que aparecía en nuestro Registro. Se le notificó a la dirección postal que el propio abogado identificó para esos propósitos.

Reiteramos la obligación de todos los abogados de cumplir con la Regla 9 (j) de nuestro Reglamento. Íd. No obstante, el abogado ha comparecido con diligencia. No surge del expediente un deseo contumaz de desobedecer nuestras órdenes. Lo único que surge es la omisión de cumplir con lo que ordenamos en In re Rs. Proc. Civil y R. T. Supremo, supra, y con la Regla 9 (j) de nuestro Reglamento, supra.

A la luz de lo anterior, tomamos la "Moción urgente solicitando reconsideración" del señor Marqués Latorre como una solicitud de reinstalación y la declaramos con lugar. Por consiguiente, le concedemos al señor Marqués Latorre un término improrrogable de 10 días para que actualice **toda** la información contenida en el Registro de Abogadas y Abogados. Una vez complete ese trámite, su reinstalación será efectiva. Se apercibe al señor Marqués Latorre de su obligación de mantener toda su información actualizada en el Registro de Abogadas y Abogados. Por último, referimos la queja AB-2011-166 al Procurador General para su trámite correspondiente.

Publíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo